UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>FABIAN MONTANO-PELAYO,<br>Defendant. | Case No. 5:17-cr-00331-EJD-1<br><br>**ORDER DENYING DEFENDANT'S REQUEST FOR JUDICIAL RECOMMENDATION FOR TRANSFER TO HOME CONFINEMENT**<br><br>Re: Dkt. No. 57 |

Defendant Fabian Montano-Pelayo is currently serving a 24 month sentence for his conviction of distribution and possession with the intent to distribute five-hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(A)(viii), at USP Atwater, with an anticipated release date of October 10, 2020. USP Atwater has not yet reported a positive COVID-19 test.[1] Defendant is scheduled to report to a Residential Reentry Center (RRC) in July 2020. Specifically, Defendant is scheduled to transfer to an RRC in Oakland, California, on July 27, 2020.

Pending before the Court is Defendant's request that the Court recommend to the Bureau of Prisons ("BOP") that Defendant be placed in home confinement for the maximum period permissible, pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (March 27, 2020), the Second Chance Act of 2007, and 18 U.S.C. § 3621. Dkt. No. 57. More specifically, Defendants request that the Court recommend to

---

[1] This may be due to limited availability of testing, however.

CASE NO.: 5:17-CR-00331-EJD-1
ORDER DENYING DEFENDANT'S REQUEST FOR JUDICIAL RECOMMENDATION FOR TRANSFER TO HOME CONFINEMENT

1

the BOP that he be transferred to home confinement to serve the remainder of his sentence. Defendant's parents are prepared to receive him in their 3-bedroom home, where he can self-quarantine.

Defendant asserts that his transfer to home confinement will help the BOP decrease its population and risk without posing a risk of transmitting COVID-19 to the greater community. Further, Defendant asserts that he does not pose a danger to the community because he committed a first-time, non-violent drug offense, he has a stable, full-time employment offer, he earned a GED while incarcerated, and successfully completed an intensive drug education program.

The government takes no position on Defendant's motion to the extent it seeks a recommendation of home confinement. Dkt. No. 58. The government contends, however, that if Defendant's motion is construed as a motion for compassionated release, the Court should deny the request because Defendant has failed to exhaust his administrative remedies.

Defendant's request for a recommendation of home confinement is DENIED because it is not feasible. In order for the BOP to place an inmate on home confinement, there has to be a home confinement bed at an RRC readily available to the inmate for the duration of the remaining sentence. *Id.* That way, if home confinement is unsuccessful, the inmate returns to an RRC to complete the sentence rather than to an institution. *Id.* Defendant's Unit Team at USP Atwater asked that Defendant be reviewed for home confinement on May 12, 2020. All home confinement slots at the RRC are full until December of 2020. Therefore, the BOP would not be able to transfer Defendant to home confinement until sometime in or after December of 2020, which is after Defendant's anticipated release date.

To the extent Defendant's request might be construed as a request for compassionate release,[2] the request is DENIED for failure to exhaust administrative remedies. In his request, Defendant states that he sent a letter dated April 26, 2020, to the Warden at USP Atwater

---

[2] Although Defendant's motion is not styled as motion for compassionate release, Defendant cites to caselaw addressing motions for compassionate release.

CASE NO.: 5:17-CR-00331-EJD-1
ORDER DENYING DEFENDANT'S REQUEST FOR JUDICIAL RECOMMENDATION FOR TRANSFER TO HOME CONFINEMENT

2

requesting release from custody to home confinement. Dkt. No. 57. As of May 20, 2020, however, the BOP has no record of the Defendant having submitted an administrative motion for compassionate release to the Warden. Moreover, Defendant has not shown that COVID-19 is at present materially affecting the operations at USP Atwater. Nor has Defendant shown that he presently suffers from serious medical conditions that place him at a high risk of a severe infection should he contract COVID-19.

**IT IS SO ORDERED.**

Dated: May _29_, 2020

EDWARD J. DAVILA
United States District Judge

CASE NO.: 5:17-CR-00331-EJD-1
ORDER DENYING DEFENDANT'S REQUEST FOR JUDICIAL RECOMMENDATION FOR TRANSFER TO HOME CONFINEMENT

3